22-2090. You're going to have to help me with your name. Mr. Niedeson, when you're ready. Thank you, Your Honor. May it please the court, my name is Mark Niedeson representing the Appellant KOSS Corporation and my colleague Brian Botso. This is an appeal from a final written decision in IPR by the PTAB and this is a case where a petitioner distorted what the primary reference Rizvani says on the critical claim element and the petition did not explain in its opening papers why it made this distortion, but at least its expert knew when he quoted the key paragraph of Rizvani that it... Could you address the motion to dismiss for mootness? I'd be happy to address the motion to dismiss. So I'd go over the facts. There's three patents asserted against Bose, the 155 patent which is this appeal, there's one of them, two other ones, and there were five asserted against Plantronics, including the three against Bose, including the 155 patent. And the judge granted a motion to dismiss for the complaint KOSS filed for the five patents. He dismissed the complaint because allegedly the claims were invalid under section 101, but he granted it without prejudice. He gave KOSS leave to amend the violent amendment complaint, which KOSS did. But you didn't attempt to amend any of the claims involving the patents that issue, right? You amended, you filed an amendment complaint that addressed other claims, but none of the claims that are at issue in this case. In this case, we did not assert the 155 patent in the, it would have been the second amendment complaint, but the amendment complaint after the granting of the motion to dismiss without prejudice. So you didn't attempt to make new factual allegations about why this patent was eligible? Correct. But in our view, that doesn't matter because once we filed the amendment complaint, the prior order was, it became a nullity according to the Ninth Circuit case law, which applies here. We couldn't have appealed at that time once we filed the amendment complaint. KOSS's, or Bose's, papers cite the Hartley case, which was a long summary judgment. And there's a case following Hartley that promotes- You didn't attempt to do anything to address the district court's decision about why these patents were ineligible? Well, we did for all the other patents except for the 155 patent. We charted claims in the complaint. The third appeal today will be for the 025 and 934 patents. There we charted and asserted different claims in the original complaint. Right, but even for those, you didn't reassert new factual allegations under the claims that were found invalid for eligibility reasons. Ineligible, right? You asserted new claims in those patents, but you didn't say, well, these claims of this patent that you found ineligible should be eligible because of these new factual allegations. No, we did make a lot of new factual allegations, particularly for the 025 and 934 patents. No, we didn't make new factual allegations for the 155 patent, which is what this would be. But do I misunderstand then? Because I had the same understanding as Judge Hughes, is that in the amended complaint, you identified particular patent claims that you contended were not ineligible, along with some factual allegations that presumably relate to those patents. That's correct. But with the claims at issue in these IPRs, at least the ones that are at issue in the IPRs in the first and the last appeal and one of the patents in the middle appeal, for those, you didn't reallege the particular patent claims that are at issue in the IPRs. We did allege, like in the 025 and 934 patents. Why did you? Can you sort this out? Because this is not my recollection of the past. Let's look at the 025 and tell me if I got this wrong. You originally asserted in the penetronics complaint all of the claims of the 025 patent. And in the second amended complaint, you asserted just claim four. Is that wrong? I don't think that's correct, but claim four. Well, the claims at issue here don't involve claim four. They're 56 and 57. Well, that's the 934 patent. That's the 025 patent. Right. 56 and 57 is the 934 patent. And they do, I mean. The 924? I don't even see a 924 patent. 934. Okay, well that's not, are you sure that that's the right thing? Because my information says it's 56 and 57 to the 025, and then if we're talking about the 934, you originally asserted all of the claims. Correct. And then in the second amended complaint, you asserted only claim four. Of the 025 patent. Well, no, of the 934 patent as well, because that was upheld. But the claims at issue in the IPR proceedings aren't claim four. They're the claims that weren't reasserted. Well, they are. I mean, they're subject to Bose's cross appeal. I don't understand what you're saying at all. Did, in your second amended complaint, you reassert claims originally found ineligible that are still at issue in these IPR proceedings, and if so, what are they? So if you mean by at issue in these IPR proceedings, the answer is yes, because claim four, say the 934, all the signal strength claims of the 934 and 025 patents, we highlighted in the complaint, they're at issue in these IPRs. We prevailed at the peak that, in the IPRs, and they're subject of Bose's cross appeal. You're not answering my question. I'm sorry. In your second amended plastotronics complaint, did you reassert anything but claim four of either the 934 or the 025 patent? Well, I would say yes. We only have to show... Show me in the appendix in the second amended complaint where you reasserted those. I believe we just have to, in a complaint, show that we allege one claim is infringed and preserve a right to argue others later. We charted... How is that possible when you've already raised a bunch of complaints that were found ineligible? You were given the opportunity to amend. If you specifically don't re-raise those, isn't the district court's decision binding? No, I don't think it's binding. I just don't think the complaint is in the appendix. Assume... It's not binding because once we filed the amended complaint, the Ninth Circuit law is... Tell me what happens if we disagree with you on that. If we find either your failure to reassert waived any argument as to eligibility for the claims not reasserted or that because you didn't appeal that that decision is binding, what happens to all those claims that were originally found ineligible and you didn't reassert in the second amended complaint? My view is that they are not mooted, they're not found, there's no final judgment, they're invalid here. Do you agree that the determination of ineligibility is an ultimate question of law? Well, the first question, the first Alice factor is a question of law. I know the second factor they sometimes give to the jury, but I would say overall it's a question of law. The district court in this case didn't give any issues to a jury, right? The district court in this case found that the claims were ineligible as a matter of law, right? Correct. And then no facts were pled with respect to most of the patent claims to explain why, even if they were pled, no appeal was taken to try to overturn or change that legal determination by the district court judge, right? We put in a lot more allegations of fact in the second amendment complaint, which the judge never got to because the case settled before. Why didn't you, why didn't, did you preserve any right to appeal in the settlement agreement? No, that's true. And in the settlement, I assume you also didn't seek to vacate the order with respect to 101, right? The settlement order does not vacate, you know, there's no terms of the settlement order that say that, but in our view, the case law of the Ninth Circuit would show that it's vacated. Is it the Lacey decision that you're relying on for the main suit? I think the one of them was the Weston family partnership. Sorry to interrupt. One is the FALC, North California Corporation versus Scott Guilford. It's at page four of our brief. I'm having a hard time seeing how those cases come through here where there's a combination of, you know, a waiver by not carrying the claims forward after the district court rules against you, and not instead carrying them forward in your second amendment complaint, or first amendment complaint, or alternatively not appealing at any point. I don't see how you can remove the district court's decision of ineligibility by simply saying, okay, I give up, we'll take that out of our complaint. Our position is when the judge granted the motion to dismiss with a rule 12 motion, he said the complaint was ineffective and gave us an opportunity to re-file an amended complaint. But you didn't attempt to amend the factual allegations for most of the patent claims asserted. You only chose to reassert a select few patent claims. That's correct. We bolstered the facts for a select few. That's correct. But not the ones that are issued here. Not the ones that were invalidated by the PTO. That's correct. Mostly I think they were centered on the ones that were upheld by the PTO. Okay. You're into your rebuttal time. Do you want to save it? Yes, I'd like to re-save it. Thank you. Good morning, Your Honor. It's Nathan Speed on behalf of BOWS. I'll just address the motion to dismiss right from the get-go. To clear up the confusion, all of the claims that are in COS's affirmative appeal, all of those claims, those were the ones that they did not re-allege in the second amendment complaint. Claim four, they identified as representative claim for the 025 patent. That's a signal strength claim. So they've reasserted the signal strength claims, which will be at issue in the third appeal today. But for their affirmative appeals, they did not re-plead any of those claims. They dropped the 155 patent entirely, and they dropped all the claims for the other patents other than the signal strength claims. So it's just the signal strength claims that they took when they were granted leave to re-plead. They took the opportunity to limit their case just to the signal strength claims. The reason being that the PTAB had invalidated all the other claims. So when you say they've reasserted claim four as a representative claim, is that for the 934 and the 025? Yes. And representative what? So does it involve some of the other claims that were originally asserted? No. Sorry, excuse me. It was a representative signal strength claim. The way that the patent claims are written is a handful of claims, defendant claims, that have this signal strength limitation. And they're scattered throughout the 63 claims for one of the patents. I think it's 56 or 57 for the other. But it's representative of a signal strength claim. So rather than charting all the signal strength claims, they charted claim four and said that's representative of the signal strength claims, not representative of the claims as a whole. They're contentious. Sorry, go ahead. So would those relate to – I'm just trying to sort this out, actually, because I don't have them labeled as signal strength claims. I have the numbers. And so this case, the 2090, are there any claims that could be related to that in this case? No. Okay. And you say in, I guess, the third appeal? The third appeal will have the 025 and the 934 patents. That final written decision there, they had found one set of claims that the parties in the board called the signal strength claims. That set of claims we are affirmatively appealing the board finding that we did not prove those unpatentable. That's in the third bill. It was only those claims that they've reasserted in their amended complaint. They picked one from each of the patents, but they, I think, fairly did say that that was representative of all the signal strength claims. But it's your contention, I think, in your motion to dismiss that even those claims should not be before us today because of the decision by the district court in a plaintronics case holding those claims ineligible. That it was either waived or – I guess because it was not appealed, so rest due to patent laws. Correct, yes. Our position is that their affirmative appeal is – all the appeals are moot. Their affirmative appeal should be dismissed, whereas our affirmative appeal, because we were not the cause of the mootness, we fall into the Bancorp exception to Munsingware. Under Bancorp, the part where the appellant is not the cause of the mootness – That's for your third. That's for the – We're going to argue that. Okay, yes. That would be in the third case. In this case, it is, I think, fairly cut and dry. They asserted the 155 patent. All the claims were found to be unpatentable under 101. They were given leave to amend, and they did not include any claims for the 155 patent. And so that is a final – Just to follow up for completeness, I assume the settlement agreement had nothing about seeking to vacate that 101 order. I honestly have no idea what the settlement agreement says. I know there are pending IPRs where they are supposed to submit the settlement agreement to the PTAB. I don't believe they have yet, and we wouldn't have access to that, so I don't know what it is. But based on the four corners of the objective record, there's no evidence that they could not have asked to jointly vacate with Plantronics or done something along those lines to try to preserve their rights. They didn't need to dismiss with prejudice. They could have tried to dismiss without prejudice. There's a lot of avenues that they could have pursued, but they chose none of them. And the consequence of that is that these appeals are now moot. Do you want to respond to their argument that once there was the ruling that they could basically amend the complaint, that somehow the original complaint becomes a nullity? But then, of course, I want you to also take into account the stipulated dismissal of prejudice as you respond. Right. So it's true that procedurally an amended complaint does render an earlier complaint a nullity. But that's different than saying that an amended complaint will render an earlier judicial order a nullity. There was an order here. Had they moved to amend their complaint before the district court issued its original order, then maybe the facts would be somewhat different. But parties can't unilaterally vacate judicial orders just by amending the complaint. The amended complaint allowed them to – they could have reasserted all the same claims, and perhaps the district court judge would say, okay, now you've alleged inventiveness or some concept that allows me to allow these claims to pack muster. In which case, that subsequent order would supersede the earlier order. And if we were on appeal, that would be an order that someone would be focused on. But because the amended complaint had nothing – was unable to obviate the earlier order, and then even with the single-story claims – and again, I know this would be in the third one – but even there, they didn't wait for the district court to actually grant it and rule on whether or not the additional facts would have given – made it so that the claims passed mustered under 101, at least at the Rule 12 stage. And does the fact that this was a motion to dismiss granted under Rule 12b-6 at a preliminary stage, what sort of impact does that have on the analysis? So when it issued and issued as a – would leave granted to amend, it was interlocutory at that time. But then when they had – in August of 2023, when they stipulated dismissal with prejudice, that's the final order that they could have appealed. And had they appealed that, the interlocutory orders would have merged under the merger rule, which Cost calls the Hail Mary, but it's just part of procedural practice at the appellate level. The earlier order would have merged with it, and it could have been subject to appeal. And they could have had an argument today on whether or not the district court got it right on the 101 issue. I'm happy to talk about the merits, if you'd like, but I'm also happy to give the court their time back. Thank you very much. Thank you. I think my colleague admitted, like, we reasserted the so-called signal strength claims in the 025 and 934 patents in the amended complaint. We certainly didn't waive any finding that they are invalid. As I said before, I think once that we filed the amended complaint, the prior order became a nullity. And there was nothing to merge into the final judgment. And we couldn't have appealed it like in the Harley case. I think the Harley case, if they cite in the brief, is distinguishable. Is it all right if we turn to the merits? No, because he didn't get a chance to talk about the merits. So I think we asked the questions we were intending to ask. Do you have a word on the newness issue? No, I don't. Okay. Thank you. Thank you.